GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JENNIFER A. CORBET (Cal. State Bar No. 208241)
Assistant United States Attorney
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3752
    Facsimile: (213) 894-0142
    E-mail: jennifer.corbet@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>          v.<br><br>ANTHONY ROBERT REYNA,<br>  aka Apache,<br><br>          Defendant. | CR No. 09-488-DDP<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ANTHONY ROBERT REYNA |

1.   This constitutes the plea agreement between ANTHONY ROBERT REYNA, aka Apache ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2.   Defendant agrees to plead guilty to the sole count of the indictment in United States v. Anthony Robert Reyna, CR 09-488-DDP.

## NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of a violation of 18 U.S.C. § 922(g)(1), as charged in the indictment, the following must be true: (1) the defendant knowingly possessed a firearm; (2) the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and (3) at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.   Defendant admits that defendant is, in fact, guilty of this offense as described in the indictment.

## PENALTIES

4.   The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(g)(1) as alleged in the indictment is 10 years imprisonment, a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

5.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.   Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to

1  serve on a jury.

2      7.  Defendant further understands that the conviction in

3  this case may subject defendant to various collateral

4  consequences, including but not limited to deportation,

5  revocation of probation, parole, or supervised release in another

6  case, and suspension or revocation of a professional license.

7  Defendant understands that unanticipated collateral consequences

8  will not serve as grounds to withdraw defendant's guilty plea.

9                          FACTUAL BASIS

10     8.  Defendant and the USAO agree and stipulate to the

11 statement of facts provided below.  This statement of facts is

12 sufficient to support a plea of guilty to the charges described

13 in this agreement and to establish the sentencing guideline

14 factors set forth in paragraph 11 below.  It is not meant to be a

15 complete recitation of all facts relevant to the underlying

16 criminal conduct or all facts known to either party that relate

17 to that conduct.

18     On or about January 25, 2007, at his residence in Los

19     Angeles County, defendant knowingly possessed a

20     firearm, namely, an IMEZ model IJ70-17A, .380 caliber

21     semiautomatic pistol, Serial Number BEH9234.  The .380

22     caliber semiautomatic pistol possessed by defendant had

23     previously been shipped from another country - Russia -

24     to California.  At the time defendant possessed the

25     .380 caliber semiautomatic pistol, he had been

26     convicted of the following felonies, each punishable by

27     a term of imprisonment exceeding one year:

28

                                3

1        (1) Possess/Mfg/Sell Dangerous Weapon, in
violation of California Penal Code Section 12020(a), in
2   the Superior Court of California, County of Los
Angeles, case no. VA030490-2, on or about February 17,
3   1995;

4        (2) Grand Theft Auto, in violation of California
Penal Code Section 487(d), in the Superior Court of
5   California, County of Los Angeles, case no. TA059245,
on or about April 2, 2001;

6

7        (3) Felon in Possession of Firearm, in violation
of California Penal Code Section 12021(a)(1), in the
Superior Court of California, County of Los Angeles,
8   case no. TA06934401, on or about April 30, 2003; and

9        (4) Possess Controlled Substance While Armed, in
violation of California Health & Safety Code Section
10  11370.1(a), in the Superior Court of California, County
of Los Angeles, case no. TA07763801, on or about
11  February 22, 2005.

12                  WAIVER OF CONSTITUTIONAL RIGHTS

13      9.   By pleading guilty, defendant gives up the following

14  rights:

15           a) The right to persist in a plea of not guilty.

16           b) The right to a speedy and public trial by jury.

17           c) The right to the assistance of legal counsel at

18  trial, including the right to have the Court appoint counsel for

19  defendant for the purpose of representation at trial.   (In this

20  regard, defendant understands that, despite his/her plea of

21  guilty, s/he retains the right to be represented by counsel --

22  and, if necessary, to have the court appoint counsel if defendant

23  cannot afford counsel -- at every other stage of the proceeding.)

24           d) The right to be presumed innocent and to have the

25  burden of proof placed on the government to prove defendant

26  guilty beyond a reasonable doubt.

27           e) The right to confront and cross-examine witnesses

28  against defendant.

                                   4

1          f) The right, if defendant wished, to testify on

2   defendant's own behalf and present evidence in opposition to the

3   charges, including the right to call witnesses and to subpoena

4   those witnesses to testify.

5          g) The right not to be compelled to testify, and, if

6   defendant chose not to testify or present evidence, to have that

7   choice not be used against defendant.

8      By pleading guilty, defendant also gives up any and all

9   rights to pursue any affirmative defenses, Fourth Amendment or

10  Fifth Amendment claims, and other pretrial motions that have been

11  filed or could be filed.

12                          SENTENCING FACTORS

13      10.  Defendant understands that the Court is required to

14  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

15  including the kinds of sentence and sentencing range established

16  under the United States Sentencing Guidelines ("U.S.S.G." or

17  "Sentencing Guidelines"), in determining defendant's sentence.

18  Defendant further understands that the Sentencing Guidelines are

19  advisory only, and that after considering the Sentencing

20  Guidelines and the other § 3553(a) factors, the Court may be free

21  to exercise its discretion to impose any reasonable sentence up

22  to the maximum set by statute for the crime of conviction.

23      11.  Defendant and the USAO agree and stipulate to the

24  following applicable Sentencing Guidelines factors:

25      Base Offense Level  :    <u>14</u>    [U.S.S.G. § 2K2.1(a)(6)(A)]

26      <u>Adjustment</u>
        (Acceptance of
27      responsibility)    :    <u>-2</u>    [U.S.S.G. § 3E1.1(a)]

28  Subject to paragraph 13, defendant and the USAO agree not to

1  seek, argue, or suggest in any way, either orally or in writing,
2  that any other specific offense characteristics, adjustments or
3  departures, relating to either the applicable Offense Level or
4  the Criminal History Category, be imposed.  If, however, after
5  signing this agreement but prior to sentencing, defendant were to
6  commit an act, or the USAO were to discover a previously
7  undiscovered act committed by defendant prior to signing this
8  agreement, which act, in the judgment of the USAO, constituted
9  obstruction of justice within the meaning of U.S.S.G. § 3C1.1,
10  the USAO would be free to seek the enhancement set forth in that
11  section.

12      12.   Defendant and the USAO, pursuant to the factors set
13  forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
14  (a)(7), reserve the right to argue for a sentence outside the
15  sentencing range established by the Sentencing Guidelines.

16      13.   There is no agreement as to defendant's criminal
17  history or criminal history category.

18      14.   The stipulations in this agreement do not bind either
19  the United States Probation Office or the Court.  Both defendant
20  and the USAO are free to: (a) supplement the facts by supplying
21  relevant information to the United States Probation Office and
22  the Court, (b) correct any and all factual misstatements relating
23  to the calculation of the sentence, and (c) argue on appeal and
24  collateral review that the Court's Sentencing Guidelines
25  calculations are not error, although each party agrees to
26  maintain its view that the calculations in paragraph 11 are
27  consistent with the facts of this case.

28  \\

DEFENDANT'S OBLIGATIONS

15.  Defendant agrees to:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

16.  If defendant complies fully with all of defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) To not prosecute defendant for any violations of federal criminal law (except for criminal tax violations) based on facts known to the USAO at the time of the signing of the plea agreement, including violations of 18 U.S.C. § 922(g)(1) arising

1   out of defendant's possession of firearms and ammunition on May

2   19, 2009.  Defendant understands that the USAO is free to

3   prosecute defendant for any other unlawful conduct.  Defendant

4   agrees that at the time of sentencing the Court may consider the

5   uncharged conduct in determining the applicable Sentencing

6   Guidelines range, where the sentence should fall within that

7   range, the propriety and extent of any departure from that range,

8   and the determination of the sentence to be imposed after

9   consideration of the sentencing guidelines and all other relevant

10  factors.

11          c) At the time of sentencing, provided that defendant

12  demonstrates an acceptance of responsibility for the offense up

13  to and including the time of sentencing, to recommend a two-level

14  reduction in the applicable sentencing guideline offense level,

15  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

16  move for an additional one-level reduction if available under

17  that section.

18                         BREACH OF AGREEMENT

19      17.  If defendant, at any time after the execution of this

20  agreement, knowingly violates or fails to perform any of

21  defendant's agreements or obligations under this agreement ("a

22  breach"), the USAO may declare this agreement breached.  If the

23  USAO declares this agreement breached at any time following its

24  execution, and the Court finds such a breach to have occurred,

25  then: (a) if defendant has previously entered a guilty plea,

26  defendant will not be able to withdraw the guilty plea, and (b)

27  the USAO will be relieved of all of its obligations under this

28  agreement.

1    18.   Following the Court's finding of a knowing and willful

2  breach of this agreement by defendant, should the USAO elect to

3  pursue any charge that was either dismissed or not filed as a

4  result of this agreement, then:

5        a) Defendant agrees that any applicable statute of

6  limitations is tolled between the date of defendant's signing of

7  this agreement and the commencement of any such prosecution.

8        b) Defendant gives up all defenses based on the statute

9  of limitations, any claim of pre-indictment delay, or any speedy

10  trial claim with respect to any such prosecution, except to the

11  extent that such defenses existed as of the date of defendant's

12  signing this agreement.

13        c) Defendant agrees that: (i) any statements made by

14  defendant, under oath, at the guilty plea hearing (if such a

15  hearing occurred prior to the breach); (ii) the stipulated

16  factual basis statement in this agreement; and (iii) any evidence

17  derived from such statements, are admissible against defendant in

18  any such prosecution of defendant, and defendant shall assert no

19  claim under the United States Constitution, any statute, Rule 410

20  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

21  of Criminal Procedure, or any other federal rule, that the

22  statements or any evidence derived from any statements should be

23  suppressed or are inadmissible.

24        <u>LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

25    19.   Defendant gives up the right to appeal any sentence

26  imposed by the Court and the manner in which the sentence is

27  determined, provided that the term of imprisonment imposed is not

28  greater than ten years.   Defendant also gives up any right to

1  bring a post-conviction collateral attack on the conviction or

2  sentence, except a post-conviction collateral attack based on a

3  claim of ineffective assistance of counsel, a claim of newly

4  discovered evidence, or an explicitly retroactive change in the

5  applicable Sentencing Guidelines, sentencing statutes, or

6  statutes of conviction.

7      20.   The USAO gives up its right to appeal the sentence.

8                RESULT OF VACATUR, REVERSAL OR SET-ASIDE

9      21.   Defendant agrees that if any count of conviction is

10  vacated, reversed, or set aside, the USAO may: (a) ask the Court

11  to resentence defendant on any remaining count of conviction,

12  with both the USAO and defendant being released from any

13  stipulations regarding sentencing contained in this agreement,

14  (b) ask the Court to void the entire plea agreement and vacate

15  defendant's guilty plea on any remaining count of conviction,

16  with the USAO and defendant being released from all of their

17  obligations under this agreement, or (c) leave defendant's

18  remaining conviction, sentence, and plea agreement intact.

19  Defendant agrees that the choice among these three options rests

20  in the exclusive discretion of the USAO.

21                   COURT NOT A PARTY

22      22.   The Court is not a party to this agreement and need not

23  accept any of the USAO's sentencing recommendations or the

24  parties' stipulations.   Even if the Court ignores any sentencing

25  recommendation, finds facts or reaches conclusions different from

26  any stipulation, and/or imposes any sentence up to the maximum

27  established by statute, defendant cannot, for that reason,

28  withdraw defendant's guilty plea, and defendant will remain bound

1  to fulfill all defendant's obligations under this agreement.  No

2  one -- not the prosecutor, defendant's attorney, or the Court --

3  can make a binding prediction or promise regarding the sentence

4  defendant will receive, except that it will be within the

5  statutory maximum.

6               NO ADDITIONAL AGREEMENTS

7       23.  Except as set forth herein, there are no promises,

8  understandings or agreements between the USAO and defendant or

9  defendant's counsel.  Nor may any additional agreement,

10  understanding or condition be entered into unless in a writing

11  signed by all parties or on the record in court.

12         PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13       24.  The parties agree and stipulate that this Agreement

14  will be considered part of the record of defendant's guilty plea

15  hearing as if the entire Agreement had been read into the record

16  of the proceeding.

17       This agreement is effective upon signature by defendant and

18  an Assistant United States Attorney.

19  AGREED AND ACCEPTED

20  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

21
    GEORGE S. CARDONA

22  Acting United States Attorney

23

24  _____        10/29/09
    JENNIFER A. CORBET                        _____

25  Assistant United States Attorney          Date

26

27       I have read this agreement and carefully discussed every

28  part of it with my attorney.  I understand the terms of this

                           11

agreement, and I voluntarily agree to those terms.  My attorney

has advised me of my rights, of possible defenses, of the

sentencing factors set forth in 18 U.S.C. § 3553(a), of the

relevant Sentencing Guidelines provisions, and of the

consequences of entering into this agreement.  No promises or

inducements have been given to me other than those contained in

this agreement.  No one has threatened or forced me in any way to

enter into this agreement.  Finally, I am satisfied with the

representation of my attorney in this matter.

_____                    10/29/09
ANTHONY ROBERT REYNA                                Date
Defendant


    I am ANTHONY ROBERT REYNA's attorney.  I have carefully

discussed every part of this agreement with my client.  Further,

I have fully advised my client of his rights, of possible

defenses, of the sentencing factors set forth in 18 U.S.C.

§ 3553(a), of the relevant Sentencing Guidelines provisions, and

of the consequences of entering into this agreement.  To my

knowledge, my client's decision to enter into this agreement is

an informed and voluntary one.

_____                    10/29/09
BRIANNA FULLER                                      Date
Deputy Federal Public Defender
Counsel for Defendant
Anthony Robert Reyna


12