GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JENNIFER A. CORBET (Cal. Bar No. 208241)
Assistant United States Attorney
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3752
    Facsimile: (213) 894-0142

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 09-488-DDP |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S POSITION RE: PRESENTENCE REPORT AND RECOMMENDATION |
| v. | ) | |
| ANTHONY ROBERT REYNA, | ) | Sent. Date: February 22, 2010 |
| Defendant. | ) | |

    Plaintiff, by and through its attorney of record, the United States Attorney for the Central District of California, hereby files its position regarding sentencing of defendant Anthony Robert Reyna. The government's position regarding sentencing is based on the attached position with exhibits, the records and files of this case, and any argument that the Court may request at the sentencing hearing.

Dated: February 3, 2010    Respectfully submitted,

                                      GEORGE S. CARDONA
                                      Acting United States Attorney

                                      _____/s/_____
                                      JENNIFER A. CORBET
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      United States of America

GOVERNMENT'S POSITION RE: SENTENCING

The government's position, based on the records and files of this case, is that it has no objection to the material information or the guideline calculations contained in the Guideline Pre-Sentence Report and Recommendation for defendant Anthony Robert Reyna, aka Apache.

With respect to the sentence recommended by the Probation Officer, the government concurs with the recommendations for imposition of a three-year term of supervised release under the specified conditions and a special assessment. However, the government respectfully requests that the Court impose a term of imprisonment greater than the applicable guideline range. As explained below, a sentence of 60 months would be sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

**This Case Presents a Number of Aggravating Factors**

There are a number of factors present in this case that provide distinct and compelling reasons for sentence outside of guidelines range. Some of these factors pertain to defendant, and others pertain to the instant offense. All are aggravating factors not fully taken into account by the properly computed guideline range.

I.  FACTUAL BACKGROUND

Defendant Reyna, a member of the East Side Paramount ("ESP") street gang, pleaded guilty to being a felon in possession of a firearm. In particular, on January 25, 2007, at his residence, defendant knowingly possessed an IMEZ model IJ70-17A .380 caliber semiautomatic pistol from Russia. (PSR ¶ 9.)

The .380 semiautomatic weapon was found when a search warrant[1] was executed at defendant's residence.  In addition to the .380 semiautomatic possessed by defendant, officers found a rifle, a revolver, ammunition, a surveillance camera, a digital scale, and a plastic envelope with the words "drug money" written on it.  (Exh. A.)  When officers had arrived at defendant's residence, they found not only defendant and a number of other adults, but they also found 4 children.  (Exh. B.)  One of the children was five years old.

Before the date that defendant was found in possession of the .380 semiautomatic, he had been convicted three times before of firearms offenses:

    In 1995, defendant was convicted of violating California Penal Code ("PC") Section 12020(a): Possess Dangerous Weapon (PSR ¶ 44);

    In 2003, defendant was convicted of violating PC Section 12021(a)(1): Felon in Possession of Firearm (PSR ¶ 52); and

    In 2005, defendant was convicted of violating California Health & Safety Code Section 11370.1(a): Possess Controlled Substance While Armed (PSR ¶ 54).

Defendant was also convicted in 2001 of felony Grand Theft Auto, in violation of PC Section 487(d).  (PSR ¶ 50.)

Defendant's involvement with guns did not end in January 2007.  In fact, on the morning of May 21, 2009, defendant was found at his residence with two guns and hundreds of rounds of ammunition.  (Exh. C.)

---

[1] The search warrant was based on conversations intercepted via federal wiretaps of telephones used by Vincent Ramirez, also a member of the ESP gang.  On January 6, 2007, during an intercepted conversation, Ramirez told defendant that he had a "clean 380."  Defendant asked how much.  Ramirez asked for two one-hundred dollar cards, referring to stolen gift cards. Ramirez referred to the gun as made in Russia.  (PSR ¶ 8.)

2

II.  ARGUMENT

    A.   <u>Applicable Law</u>

    Although the guidelines are a starting point for determination of defendant's sentence, the Court is not bound to sentence defendant as though the guidelines were mandatory, and may impose a more severe sentence.  <u>See</u> <u>United States v. Bad Marriage</u>, 439 F.3d 534, 538-39 (9th Cir. 2006); <u>see also</u> <u>United States v. Warr</u>, 530 F.3d 1152 (9th Cir. 2008) (affirming sentence of 120 months where guideline range was 70 to 87 months).

    For example, in <u>United States v. Mohamed</u>, 459 F.3d 979 (9th Cir. 2006), the Ninth Circuit affirmed an above-guideline sentence for a defendant who perpetrated a bomb hoax.  At sentencing, the district court calculated defendant's guideline range, then found that the advisory guideline range of 12 to 18 months "did not reflect the seriousness of [defendant's] crime." <u>Id.</u> at 983.  The court decided to impose an eight-level upward adjustment to account for the disruption caused by defendant's conduct and to deter others from similar behavior, producing an advisory guideline range of 37 to 46 months.  <u>Id.</u>  The district court then imposed a sentence of 60 months--a sentence further above the post-adjustment guideline range--citing defendant's personal history and the extraordinary impact of his threat.  <u>Id.</u> Defendant appealed, but Ninth Circuit affirmed the 60-month sentence.  As the court explained, "Where, as here, the district court has thoroughly explained its decision to deviate from the advisory guidelines and the sentence it has imposed is justified by the unique facts of the case, we will uphold the sentence." <u>Id.</u> at 989.

B.  <u>A Five-year Sentence Is Warranted in This Case</u>

In light of the goals of sentencing as set forth in 18 U.S.C. § 3553, the aggravating factors in this case warrant an above-guidelines prison sentence of at least 5 years.  Such a sentence is necessary in order to deter defendant from future crime (3553(a)(2)(B)), protect the public (3553(a)(2)(C)), reflect the seriousness of the offense (3553(a)(2)(A)), promote respect for the law (3553(a)(2)(A)), and provide just punishment (3535(a)(2)(A)).

       1.  **The circumstances and nature of defendant's offense demonstrate his dangerousness and the need for protection from future offenses.**

The seriousness of defendant's offense, by itself, merits a substantial term of imprisonment.  When defendant's residence was searched, officers found not only defendant's .380 semiautomatic, but also they found two other guns and ammunition for the guns.  The number and availability of guns at defendant's residence is even more alarming because of the presence of defendant's children--including a child only 5 years of age.  Defendant's disregard for the safety of his children is extremely troubling.

Further illustrating the danger posed by defendant's offense, other evidence found at the residence--a scale and an envelope bearing the words "drug money"--suggests that defendant's residence was a location where drug crimes were being committed.  Therefore, in addition to arming himself, defendant was, at best, associating with individuals who were involved with drugs and guns.  Defendant's firearms offense is serious and dangerous, particularly in the context of defendant's membership in a criminal street gang.

2. **Defendant's character and history prove that he is a danger to society.**

Defendant is a long-term gang member with a lengthy criminal history. Defendant's criminal history includes multiple offenses involving firearms. In spite of his prior convictions, he committed the instant firearms offense and was found with more firearms at the time of his arrest. Defendant's propensity to engage in criminal conduct demonstrates that a lengthy prison sentence is needed to prevent crime and deter defendant from engaging in criminal activity upon his release.

Defendant became a member of the ESP gang when he was 15 years old. (PSR ¶¶ 74, 77.) Not surprisingly, defendant's criminal career began soon after, when he was 16 years old. (PSR ¶ 32.) One of defendant's juvenile petitions involved assault. (Id.) After his juvenile adjudications, defendant sustained adult convictions in 1992 and 1994, for which he received no criminal history points. (PSR ¶¶ 36-42.) One of these convictions was for another assault. (PSR ¶ 38.)

Defendant sustained his first weapons conviction in 1995, for which he ultimately received a sentence of 2 years prison. (PSR ¶ 44.) It was around this time that defendant began to have frequent contacts with the criminal justice system, due to his commission of new offenses and his numerous parole/probation revocations and violations. In fact, at the time of the instant offense, defendant was on parole from his conviction for possession of a controlled substance while armed. (PSR ¶ 58.) A few months after committing the instant offense, defendant was arrested for being a parolee at large (PAL). (Exh. D.) At the

time of that arrest, defendant admitted to being a gang member, and the arresting officer noted that defendant had gang tattoos and was wearing gang attire. (Id.)

Defendant sustained his second weapons conviction in 2003, for felon in possession of a firearm (PSR ¶ 52), after having been convicted in 2001 of grand theft (PSR ¶ 50). Defendant was arrested for being a felon in possession only a few weeks after being paroled from his two-year prison sentence for the grand theft case. For the felon in possession offense, defendant received a two-year prison sentence.

In January 2005--less than 6 months after being paroled from prison for his felon in possession conviction--defendant was arrested on a third weapons charge. (PSR ¶ 54.) This time defendant possessed both a loaded semiautomatic pistol and drugs. (PSR ¶ 56.) Defendant was convicted of the offense of possession of a controlled substance while armed, and he received a three-year sentence. (PSR ¶ 54.) This conviction was followed by the instant firearms case, his fourth weapons offense, and by his 2009 arrest, when defendant was found at his residence with two guns and hundreds of rounds of ammunition. (Exh. C.)

Even without any criminal history points being assigned to his four convictions from the period 1992 to 1994, defendant's criminal history category is VI, the highest possible category[2]. The resulting guideline range does not fully account for

---

[2] The Guidelines provide for an upward departure for inadequacy of criminal history. U.S.S.G. § 4A1.3(a); see, e.g., United States v. Higuera-Llamos, 574 F.3d 1206, 1211 (9th Cir. 2009). Though such a departure could be appropriately applied to defendant's case, the government is requesting a sentence outside of the Guidelines because of the multiple aggravating factors presented by this case.

6

defendant's history of criminal conduct in that they do not reflect, among other things, the twenty-year span of defendant's criminal conduct and his repeated weapons offenses.

In addition to defendant's prior criminal offenses, other aspects of defendant's character indicate that a substantial period of incarceration is necessary in order to provide deterrence, protect the public, and promote respect for the law. Defendant has shown no remorse for his crime. Defendant's entrenched gang membership and failure to become a productive member of society is entirely consistent with a lack of desire to rehabilitate himself. Moreover, defendant has not been deterred by his prior prison sentences, including his two-year felon in possession sentence and his three-year sentence for drug possession while armed. Defendant's lack of respect for the law is also demonstrated by his poor performance during multiple periods of release under supervision. In all, defendant's track record shows that he presents a very high risk of recidivism. Consequently, the only way to protect to public from further crimes of defendant is to imprison him for a substantial period of time.

III. CONCLUSION

Defendant is an admitted gang member before the Court for sentencing on his fourth conviction involving dangerous weapons. Based on the facts and circumstances of this case, the government respectfully requests that defendant be sentenced to a five-year term of imprisonment.