1  SEAN K. KENNEDY (No. 145632)
   (Sean_Kennedy@fd.org)
2  Federal Public Defender
   BRIANNA J. FULLER (No. 243641)
3  (Brianna_Fuller@fd.org)
   Deputy Federal Public Defender
4  321 East 2nd Street
   Los Angeles, California  90012-4202
5  Telephone: (213) 894-4784
   Facsimile: (213) 894-0081
6

7
   Attorneys for Defendant
8  ANTHONY REYNA

9

10                    UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                        WESTERN DIVISION

13  UNITED STATES OF AMERICA,        )   NO. CR 09-488-DDP
                                     )
14            Plaintiff,             )   REPLY TO GOVERNMENT'S
                                     )   POSITION RE: SENTENCING;
15       v.                          )
                                     )   Sentencing Date: February 22, 2010
16  ANTHONY REYNA,                   )
                                     )   Sentencing Time: 1:30 p.m.
17            Defendant.             )
                                     )
18  ─────────────────────────────── )

19
         The Government believes that a sentence of sixty months -- twice the low-end
20
   of the applicable Guideline range -- is necessary to punish Mr. Reyna.  The basis of
21
   the request is that there are factors not accounted for in the Guidelines, primarily Mr.
22
   Reyna's criminal history, and other contraband found at the time of the search and
23
   arrest.  In fact, the criminal history is well-accounted for in the Guidelines
24
   calculation.  Moreover, the Government's request for sixty months is out of
25
   proportion to the factors it cites.  The defense renews its request for a sentence at the
26
   low-end of the Guideline range, 30 months.
27

28

1        1.      *The Criminal History Calculation in this Case is Not Under-*

2                *Represented*

3        The Government first argues that Mr. Reyna's criminal history is not

4   sufficiently reflected in the sentence.  While it apparently does not ask for an upward

5   departure based on criminal history, it asks for a higher sentence under Section

6   3553(a).  Such an increase is not called for, and certainly not to the extent requested

7   by the Government.  The Guidelines have fully accounted for Mr. Reyna's criminal

8   history, indeed, the criminal history is the primary factor driving his sentence.  His

9   status as a felon increases the offense level.  His criminal history nearly triples the

10  sentencing range he would have if he did not have such convictions and had a

11  criminal history category of I.  The high criminal history (and the resulting

12  Guideline range) already takes into account that a person at criminal history six is a

13  particular risk of recidivism.  Mr. Reyna has two more criminal history points than

14  the number that triggers Category VI, and a few twenty-year-old probation cases that

15  are too old to count toward his criminal history category.  But neither of these facts

16  make Mr. Reyna all that unusual.

17       Moreover, even if the Court believes that some adjustment is necessary, the

18  criminal history certainly doesn't warrant a sentence that is twice the low end of the

19  applicable Guideline.  The Guidelines suggest that, where the Court finds that the

20  criminal history is underrepresented, the Court should look to the next highest

21  offense level and proceed incrementally until it finds an appropriate sentence.  In

22  this case, the Government would need a five-level upward departure in offense level

23  to reach a level where sixty months within the Guideline range.  The Court would

24  need to find that the Guideline range, which has already been significantly impacted

25  by the criminal history, needs to be *doubled* to be sufficient to further the goals of

26  Section 3553(a).  This is simply not called for on the facts of this case.  The Court

27  should sentence within the range called for by the Guideline.

28

2

2.     *The Presence of Additional Firearms at the House Is Not Aggravating Under the Circumstances, And Certainly Does Not Warrant a Sentence of 60 Months*

The Government and Probation Office also make much of the fact that there was another firearm and drug paraphernalia in the house at the time the warrant was executed, and also at the time Mr. Reyna was ultimately arrested.  As the police reports indicate, two other firearms were located at the house during execution of the warrant, but both were immediately claimed by John McHenry, Mr. Reyna's girlfriend's brother.  Mr. McHenry led the police to a converted garage area and showed the officers the gun.  This is the same area of the house where the scale was found as well.[1]  The report also indicates that Mr. McHenry was arrested for those firearms.  Mr. Reyna should not be held responsible for items that were apparently outside of his control, in a separate part of the house, and were credibly claimed by another individual.

At the time Mr. Reyna was arrested on this offense, there was a firearm found in a safe, and one found in a bedroom.  The discovery, however, does not indicate that gun or the bedroom or the safe were connected to Mr. Reyna in any way, nor is there information about who else was living in the house at the time.  Again, without such facts, Mr. Reyna should not be held liable for the presence of contraband in his house.  At most, these facts indicate that Mr. Reyna was not vigilant in ensuring that those he lived with did not violate his terms of parole.  This does not warrant an upward departure of the kind requested by the Government.

As a reference, the Court should consider how the Guidelines would have treated this offense had Mr. Reyna *actually* been found to have knowingly possessed all four guns, i.e., if all the guns were deemed relevant conduct.[2]  If that were the

---

[1]  These reports are attached to the Government's position paper, Exhibit B.

[2]  This is, to reiterate, more than has been proved here, but it provides a helpful reference.

3

1   case, the two occasions of possession would have grouped pursuant to U.S.S.G.

2   § 3D1.2.  Mr. Reyna's offense level calculation would have been two levels higher,

3   based on the offense involving three to seven firearms.  His total offense level would

4   have been sixteen.  Because his offense level would be sixteen or higher, he would

5   have received three levels for acceptance of responsibility instead of the two he

6   received under the current Guideline calculation.  *See* U.S.S.G. § 3E1.1.  Thus, the

7   overall offense level would have been thirteen, yielding a Guideline range of 33-41

8   months.

9        If this is the punishment afforded to actual proved possession of additional

10  firearms, then the presence of additional firearms in this case should have a

11  negligible effect on the Court's determination of sentence.  Certainly it should not

12  have *more* weight than it would have received under the Guidelines had the conduct

13  been proved.

14       The Government in this case is asking for a sentence significantly above the

15  Guidelines.  But to stray so far from the Guideline's recommendation requires an

16  extraordinary reason.  As the Ninth Circuit has instructed, "when a sentencing judge

17  decides that an outside-Guidelines sentence is warranted, he must consider the extent

18  of the deviation and ensure that the justification is sufficiently compelling to support

19  the degree of the variance."  *United States v. Carty*, 520 F.3d 984, 991(9th Cir.

20  2008) (internal citations and quotations omitted).  As laid out above, the reasons set

21  forth by the Government in this case are simply not the kind of reasons that would

22  buttress such an extraordinary departure above the Guidelines.  The defense again

23  requests a sentence of 30 months.

24                                              Respectfully submitted,

25                                              SEAN K. KENNEDY
26                                              Federal Public Defender

27  DATED: February 8, 2010            By_____/s/_____

28                                              BRIANNA J. FULLER
                                                Deputy Federal Public Defender

4

1

<u>PROOF OF SERVICE</u>

2

I, the undersigned, declare that I am a resident or employed in Los Angeles

3

County, California; that my business address is the Office of the Federal Public

4

Defender, 321 East 2nd Street, Los Angeles, California 90012-4202; that I am over

5

the age of eighteen years; that I am not a party to the above-entitled action; that I am

6

employed by the Federal Public Defender for the Central District of California, who

7

is a member of the Bar of the United States District Court for the Central District of

8

California, and at whose direction I served the DEFENDANT'S POSITION RE:

9

SENTENCING; EXHIBITS.

10

On February 8, 2010, following ordinary business practice, service was:

11

| [ x] Placed in a closed envelope, for collection and hand-delivery by our internal staff, addressed as follows: | [  ] By hand-delivery  addressed as follows: | [   ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows: |

12

13

14

[ ] By facsimile as follows:

15

[ ] By e-mail as follows:

16

<u>Robert Leoning</u>
United States Probation Officer

17

600 United States Court House
312 North Spring Street,

18

Los Angeles, California 90012

19

This proof of service is executed at Los Angeles, California, on  February 8,

20

2010.

21

22

I declare under penalty of perjury that the foregoing is true and correct to the

23

best of my knowledge.

24

25

26

_____/s/_____
Toni Alcaraz

27

28

5